Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000434
22-SEP-2016
08:33 AM

NO. CAAP-16-0000434

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


Michellie R. Raquel,
Claimant/Appellee/Appellant,
v.
American Savings Bank,
Employer/Appellant/Appellee,
and
Acclamation Insurance Management Services,
Insurance Carrier/Appellant/Appellee


APPEAL FROM THE LABOR AND INDUSTRIAL RELATIONS APPEALS BOARD
(CASE NO. AB 2016-086; DCD NO.: 2-15-03435)


ORDER
GRANTING AUGUST 6, 2016 MOTION TO DISMISS
APPEAL FOR LACK OF APPELLATE JURISDICTION,
AND
GRANTING THE AUGUST 16, 2016 MOTION FOR PERMISSION TO SUBMIT
A REPLY MEMORANDUM IN SUPPORT OF THE AUGUST 6, 2016 MOTION
(By: Fujise, Presiding Judge, Reifurth and Ginoza, JJ.)

Upon review of (1) Employer/Appellant/Appellee American

Savings Bank FSB's and Insurance Carrier/Appellant/Appellee

Acclamation Insurance Management Services' (collectively

Appellees) August 6, 2016 motion to dismiss appellate court case

number CAAP-16-0000434 for lack of appellate jurisdiction,

(2) Claimant/Appellee/Appellant Michellie R. Raquel's (Appellant Raquel) August 10, 2016 memorandum in opposition to Appellees' August 6, 2016 motion, (3) Appellees' August 16, 2016 motion for permission to file a reply memorandum in support of Appellees' August 6, 2016 motion, (4) Appellees' August 16, 2016 reply memorandum in support of Appellees' August 6, 2016 motion and (5) the record, we grant Appellees' August 16, 2016 motion[1] for permission to file a reply memorandum in support of their August 6, 2016 motion, and we conclude that we lack appellate jurisdiction over Appellant Raquel's appeal from the Labor and Industrial Relations Appeals Board's (the LIRAB)[2] April 28, 2016 "Order Denying Motion to Dismiss Appeal" (hereinafter referred to as "the April 28, 2016 order"), because the April 28, 2016 order is not an independently appealable order.

Pursuant to Hawaii Revised Statutes (HRS) § 386-88 (2015) and HRS § 91-14(a) (2012 & Supp. 2015), an aggrieved party may appeal a final decision and order by the LIRAB directly to the Hawai'i Intermediate Court of Appeals:

> The appeal of a decision or order of the LIRAB is governed by HRS § 91-14(a), the statute authorizing appeals in administrative agency cases. HRS § 91-14(a) authorizes judicial review of a final decision and order in a contested case or a preliminary ruling of the nature that deferral of review pending entry of a subsequent final decision would deprive appellant of adequate relief. For purposes of HRS § 91-14(a), we have defined "final order" to mean an order ending the proceedings, leaving nothing further to be accomplished. . . . Consequently, an order is not final if the rights of a party involved remain undetermined or if the matter is retained for further action.

---

[1]   We note that Appellees' motion was miscoded as "Other" rather than a "Motion" when filed in the Judiciary Electronic Information System, which lead to the delay in considering this motion.

[2]   At relevant times, the Labor and Industrial Relations Appeals Board (the LIRAB) appears to be composed of Chair Danny J. Vasconcellos, Member Melanie S. Matsui and Member Marie C. Laderta.

Bocalbos v. Kapiolani Medical Center for Women and Children, 89 Hawai'i 436, 439, 974 P.2d 1026, 1029 (1999) (citation and some internal quotation marks omitted). The April 28, 2016 order did not end the proceedings before the LIRAB and leave nothing further to be accomplished. According to the record on appeal, the LIRAB has yet to enter a final order that finally adjudicates the substantive issues in Appellees' administrative appeal in case number AB 2016-086, which is still pending before the LIRAB. Therefore, the April 28, 2016 order is not an appealable final order under HRS § 386-88 and HRS § 91-14(a). Although exceptions to the final order requirement exist under Forgay v. Conrad, 47 U.S. 201 (1848) (the Forgay doctrine) and the collateral order doctrine, the April 28, 2016 order does not satisfy all the requirements for appealability under the Forgay doctrine or the collateral order doctrine. See Ciesla v. Reddish, 78 Hawai'i 18, 20, 889 P.2d 702, 704 (1995) (regarding the two requirements for appealability under the Forgay doctrine); Abrams v. Cades, Schutte, Fleming & Wright, 88 Hawai'i 319, 322, 966 P.2d 631, 634 (1998) (regarding the three requirements for appealability under the collateral order doctrine). Absent an appealable final decision and order by the LIRAB, we lack jurisdiction over this appeal. Accordingly,

IT IS HEREBY ORDERED that Appellees' August 16, 2016 motion for permission to file a reply memorandum in support of their August 6, 2016 motion to dismiss appellate court case number CAAP-16-0000434 for lack of appellate jurisdiction is granted.

IT IS FURTHER HEREBY ORDERED that Appellees' August 6, 2016 motion to dismiss appellate court case number CAAP-16-0000434 for lack of appellate jurisdiction is granted, and appellate court case number CAAP-16-0000434 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawaiʻi, September 22, 2016.

Presiding Judge

Associate Judge

Associate Judge